**ZUBAZ, INC., Plaintiff,**

v.

**FEDERAL EXPRESS CORPORATION, Defendant.**

Civ. A. No. 93–2826 HBro.

United States District Court, W.D. Tennessee, Western Division.

April 20, 1994.

Paul I. Mendelson, Mendelson & Bailey, Memphis, TN, for plaintiff.

Cynthia J. Collins, Federal Exp. Corp., Memphis, TN, for defendant.

## ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT, ESTABLISHING DEFENDANT'S LIABILITY AT $100.00, AND DISMISSING CASE

HORTON, District Judge.

This is a breach of contract action by Zubaz, Inc. ("Zubaz"), against the Federal Express Corporation ("Federal Express"). The plaintiff claims that Federal Express breached its contract with Zubaz by failing to collect a check for $8,436.00 following a C.O.D. delivery. Federal Express has filed a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure on the grounds it believes its contractual liability is limited to $100.00.

### The Facts

On January 27, 1993, Zubaz and Federal Express entered into a contract whereby Federal Express agreed to ship six packages from Minnesota to Texas. Under this contract Federal Express agreed to collect $8,436.00 and deliver that amount to the Zubaz. The terms of the contract were embodied in Federal Express airbill number 30052886363 under which the packages were being transported. That airbill incorporates by reference the Federal Express Service Guide.

Zubaz alleges that Federal Express failed to collect an instrument in the C.O.D. amount. Federal Express claims it received a call from someone who identified himself as the shipper and who requested Federal Express to release the package to the consignee without collecting the C.O.D. amount. Federal Express agreed to do so if it was provided a written release. The package was delivered to the consignee without collecting the C.O.D. amount. A written release was never provided, and Zubaz did not receive any funds from the transaction.

### Summary Judgment Standard

The standards governing the decision on a motion for summary judgment are well-established. Summary judgment is appropriate only when there is no genuine issue of material fact, and the moving party is entitled to summary judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1476–80 (6th Cir.1989). The party seeking summary judgment bears the initial burden of showing a genuine absence of dispute concerning a material fact. *Celotex,* 477

U.S. at 323, 106 S.Ct. at 2552. Upon meeting this burden, the burden shifts to the nonmoving party, who cannot rest on its pleadings but must present some "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. at 2553. A dispute about a material fact is "genuine" within the meaning of Federal Rule of Civil Procedure 56 only if "evidence is such that a reasonable jury could not return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient." *Id.* at 252, 106 S.Ct. at 2512. The court is to construe the evidence and all inferences to be drawn from it in the light most favorable to the nonmoving party. *Id.* at 255, 106 S.Ct. at 2514.

### Analysis

■ As a preliminary matter, the Court notes that federal statutory and common law governs this case. *First Pennsylvania Bank N.A. v. Eastern Airlines, Inc.,* 731 F.2d 1113, 1115–16 (3rd Cir.1984). The liability of federally certified air common carriers for the loss attendant to goods in transit is controlled by federal law. *Arkwright–Boston Mfrs. Mut. Ins. Co. v. Great Western Airlines Inc.,* 767 F.2d 425 (8th Cir.1985). The airbill and applicable service guide create, define, and limit the rights and responsibilities of the parties with respect to the shipment. Such airbills form the basic contract between the shipper-consignor and the carrier. *Southern Pacific Transport Co. v. Commercial Metals Co.,* 456 U.S. 336, 102 S.Ct. 1815, 72 L.Ed.2d 114 (1982). The terms of shipment contained in airbills may be validly supplemented by incorporating the carrier's service guides by reference. *Commodities Recovery Corp. v. Emery Worldwide,* 756 F.Supp. 210 (D.N.J.1991).

The following language was found on the airbill which is the basis of this litigation:

### SERVICE CONDITIONS, DECLARED VALUE AND LIMIT OF LIABILITY

Use of this airbill constitutes your agreement to the service conditions in our current Service Guide, available on request. See back of sender's copy of this airbill for information. . . .

The Court concludes that from the language of the airbill, the airbill and service guide constitute the terms of the agreement between Federal Express and Zubaz. *Commodities Recovery Corp. v. Emery Worldwide,* 756 F.Supp. 210 (D.N.J.1991).

■ Federal Express contends that its liability is limited to $100.00, in the absence of a declared value. The face of the airbill provides as follows:

[Federal Express] will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, misinformation, failure to collect the C.O.D. amount, failure to collect an instrument specified, or collection of an instrument in the wrong amount, unless you [the shipper-consignor] declare a higher value, pay an additional charge, file a timely claim, and document your actual loss. Maximum amount limitations found in the current Federal Express Service Guide apply. Your right to recover from Federal Express for any loss, including intrinsic value of the package, loss of sales income, interest, profit, attorney's fees, costs, and other forms of damages whether direct, incidental, consequential or special is limited to the greater of $100 or the declared value specified to the left. Recovery cannot exceed actual documented loss. The maximum declared value for FedEx Letter and FedEx packages is $100.

A further clause limiting the liability of the carrier is found on the back of the shipper's copy of the airbill:

Our liability for loss, damage, delay, non-delivery, misdelivery, misinformation, failure to collect the C.O.D. amount, failure to collect an instrument specified, or collection of an instrument in the wrong amount in connection with your C.O.D. shipment is limited to your actual damages, the C.O.D. amount or $100, whichever is less, unless you pay for and declare a higher authorized value. We [Federal Express] do not

provide cargo liability insurance, but you may pay an additional charge for each additional $100 of declared value. If you declare a higher value and pay the additional charge, our liability will be the lesser of your [the shipper's] declared value or the actual value of the package.

## DECLARED VALUE LIMITS

The maximum declared value for FedEx Letter and FedEx Pak packages is $100. The maximum declared value for packages containing items of extraordinary value is $500.00.

For other C.O.D. shipments, the maximum declared value is $25,000.00 per package; provided, that if no value and maximum liability is declared, the declared value and maximum liability will be the lesser of the C.O.D. amount or $100.00. Our liability for loss, damage, delay, non-delivery, misdelivery, misinformation, failure to collect the C.O.D. amount, failure to collect an instrument specified, or collection of an instrument in the wrong amount will be limited to the declared value, subject to the limitations of, and reservations on, such values in our current Service Guide. If no value is declared, our maximum liability will be the lesser of the C.O.D. amount or $100. Our liability for loss of or damage to a shipment will not be more than the actual value of the contents.

The above provisions constitute conditions of the contract of shipment between Federal Express and Zubaz. Federal Express' liability is limited to the declared value amount, or, in the absence of a declared value amount, $100.00. An examination of airbill no. 30052886363 shows that no value was declared by Zubaz (Defendant's Exhibit B). The Court therefore concludes that in the absence of any declared value on the airbill, Federal Express' liability is limited to $100.00. While this may seem a severe result, courts are required to enforce these provisions because they reflect the realities of commercial transportation.

There is no justice in allowing the shipper to be paid a large value for a article which he has induced the carrier to take at a low rate of freight on the assumption and agreement that its value is less than the sum claimed after loss. It is just to hold the shipper to his agreement, fairly made, as to value even where the loss or injury occurred through the negligence of carriers.

*Hart v. Pennsylvania R. Co.*, 112 U.S. 331, 340, 5 S.Ct. 151, 155, 28 L.Ed. 717 (1884).

Therefore, the defendant is entitled to partial summary judgment on the claims. *Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 138 (6th Cir.1993) ("if, after being allotted sufficient time for discovery, the opposing party is unable to demonstrate that he or she can produce the evidence required by the criteria of *Liberty Lobby*, summary judgment is appropriate." (quoting *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir.1989)). Zubaz is entitled to a judgment against Federal Express in the amount of $100.00. This case is ordered closed.

It is so ordered.